IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES LUEDTKE,

          Petitioner,

v.

ACTING WARDEN, FCI GREENVILLE,

          Respondent.

Case No. 25-CV-01662-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Petitioner James Luedtke is a federal inmate presently housed at Federal Correctional Institution Greenville ("FCI Greenville") in Illinois. He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See id.* Pursuant to Rule 1(b), the Court has discretion to apply these Rules to other habeas corpus cases.

### FACTUAL AND PROCEDURAL BACKGROUND

    On January 24, 2003, James Luedtke was charged by Criminal Complaint in the U.S. District Court for the Eastern District of Wisconsin with having taken, by force, violence, and intimidation, and by use of a dangerous weapon, approximately

$35,000 from a federally insured bank in violation of 18 U.S.C. §§ 2113(a) and (d) (Count I); and using a firearm during or in relation to of a crime of violence in violation of 18 U.S.C. § 924(c) (Count II). *United States v. James D. Luedtke*, Case No. 03-CR-37-WCG (E.D. Wis. 2003). On February 19, 2003, a federal grand jury returned a Superseding Indictment against James Luedtke charging him with two Counts, consistent with the conduct alleged in the Criminal Complaint. *Id.* On August 20, 2003, a federal grand jury returned a second Superseding Indictment charging the same conduct and, in addition, one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count III) and two counts of aiding and abetting the making of false statements during acquisition of firearms in violation of 18 U.S.C. §§ 2 and 922(a)(6) (Counts IV and V). *Id.* Luedtke proceeded to trial, and on September 2, 2003, he was found guilty on all five counts by a jury in the Eastern District of Wisconsin. *Id.* On January 14, 2004, Luedtke was sentenced to 300 months on Count I; 84 months on Count II; and 60 months each as to Counts III, IV, and V. *Id.* The terms of imprisonment as to Counts III, IV, and V were ordered to run concurrently to one another, and to run consecutively to the terms imposed for Counts I and II, all for a total term of imprisonment of 444 months.[1] *Id.* Luedtke was additionally sentenced to pay restitution in the amount of $12, 377.00. *Id.* Luedtke is currently incarcerated at FCI Greenville; his projected date of release November 7, 2034. *See Find an Inmate.* FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/

---

[1] On January 14, 2004, the charges in the first Superseding Indictment were dismissed. *United States v. James D. Luedtke*, No. 03-CR-37-WCG (E.D. Wis. 2003). Luedtke was additionally sentenced to a term of five years of supervised release to follow his term of imprisonment, as well as a special assessment of a total of $500.00. *Id.*

[https://perma.cc/8KNU-QV76] (last visited November 18, 2025) (search under "Find by Number" tab for BOP Register No. 06819-089).

Luedtke appealed his conviction to the U.S. Court of Appeals for the Seventh Circuit, which affirmed his conviction and sentence on March 10, 2005. *See United States v. Luedtke*, 125 F. App'x 732 (7th Cir. 2005). On May 2, 2005, Luedtke filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on several grounds in the Eastern District of Wisconsin. *See Luedtke v. United States*, No. 05-C-0489, 2005 WL 1229686 (E.D. Wis. 2005). That petition was denied for failure to state a claim on which relief could be granted, and the denial was affirmed on appeal. *Id.* Since then, Luedtke has filed five prior petitions pursuant to 28 U.S.C. § 2241, with the instant petition being his sixth. Luedtke filed three petitions pursuant to § 2241 in the Eastern District of Kentucky between 2011 and 2014, each of which were dismissed.[2] *See Luedtke v. Berkebile*, Case No. 7:11-cv-00080-HRW (E.D. Ky. 2011), *Luedtke v. Farley*, No. 7:12-cv-00044-KKC (E.D. Ky. 2012), *Luedtke v. Farley*, No. 7:14-cv-0075-ART (E.D. Ky. 2014). Luedtke filed another § 2241 petition in the Eastern District of California on July 30, 2019. *See Luedtke v. Lake,* No. 119-cv-01034-SKOHC, 2019 WL 4166776 (E.D. Cal. Sept. 3, 2019). The District Court dismissed that petition, and the Ninth Circuit Court of Appeals affirmed that decision on March 5, 2021. *Id.* On May 1, 2024, Luedtke filed a § 2241 petition in this District, which was dismissed on August 15, 2024. *Luedtke v. Lilliard*, Case No. 24-

---

[2] For a more developed discussion of Luedtke's filing history, see the Factual Background portion of the District Court's Order in *Luedtke v. Lilliard*, Case No. 24-cv-01197-DWD (S.D. Ill. 2024) (Doc. 18).

cv-01197-DWD (S.D. Ill. 2024) (Doc. 18). Luedtke filed the instant Petition in this District on October 29, 2025. (Doc. 1).

## LEGAL STANDARD

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court in which he was originally sentenced. *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004); *United States v. Prevatte*, 300 F.3d 792, 799 (7th Cir. 2002). Relief under § 2255 is only appropriate to resolve an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a miscarriage of justice. Harris, 366 F.3d at 594 (citing *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). A prisoner is limited to one § 2255 petition without leave of court. A prisoner may file a second or successive petition only if they rely on "newly discovered evidence," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law," as their basis for relief, and in addition, their petition is also authorized by the appropriate court of appeals for the district of the conviction. *See Luedtke*, No. 24-cv-01197-DWD (S.D. Ill. 2024) (Doc. 18, pp. 7−8). Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that unauthorized second or successive § 2255 motions must be dismissed. *See id.*

A prisoner seeking to challenge the *execution* of his sentence, as opposed to the validity of his conviction or sentence, may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district court where the prisoner is currently incarcerated. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *see Taylor v. Lariva*, 638 F. App'x 539,

541 (7th Cir. 2016) (citing *Wilson*, 503 U.S. at 335). A § 2241 petition typically addresses the execution, including duration, of a prisoner's sentence rather than the imposition. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241; the mechanism is referred to as the "savings clause" under § 2255. *See Kramer*, 347 F.3d at 217. Specifically, § 2255(e) authorizes a federal prisoner to collaterally attack their sentence by filing a § 2241 petition in the district court of incarceration where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Luedtke*, No. 24-cv-01197-DWD (S.D. Ill. 2024) (Doc. 18, p. 8). Until recently, a § 2255 was inadequate or ineffective to test the legality of a petitioner's detention if the petitioner did not have a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.[3] *Luedtke v. Lilliard*, Case No. 24-cv-01197-DWD (S.D. Ill. 2024) (Doc. 18, p. 8) (citing *In re Davenport*, 147 F.3d 605, 607 (7th Cir. 1998). More recently, however, Supreme Court held that § 2255 is no longer considered inadequate or ineffective to test the legality of an inmate's detention in the situations contemplated by *Davenport*. *Luedtke*, No. 24-cv-01197-DWD (S.D. Ill. 2024) (Doc. 18, p. 8) (citing *Jones v. Hendrix*, 599 U.S. 465 (2023). The Supreme Court held that § 2255 is only inadequate to challenge a

---

[3] In the case *In re Davenport*, the Seventh Circuit held that § 2255 was inadequate or ineffective where: (1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice. 147 F.3d 605, 607 (7th Cir. 1998); *Luedtke v. Lilliard*, No. 24-cv-01197-DWD (S.D. Ill. 2024) (Doc. 18, p. 8) (citing *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

sentence in unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court, such as, for example, where the court of conviction no longer exists. *Id.* (citing *Jones*, 599 U.S. at 474). In other words, the § 2255(e) saving clause may not be used to circumvent § 2255(h) limits on second or successive motions based on intervening statutory interpretation. *Jones*, 599 U.S. at 469. Allowing a prisoner to bring a § 2241 to collaterally attack their sentence would otherwise circumvent § 2255(h)'s limitations on second or successive petitions to the two circumstances permitted. *Luedtke*, No. 24-cv-01197 (S.D. Ill. 2024) (Doc. 18, p. 9). A prisoner's inability to meet § 2255(h) "does not mean he can bring his claim in a habeas petition under the saving clause. It means he cannot bring it at all." *Jones*, 599 U.S. at 480.

Petitioners are required to exhaust administrative remedies before seeking relief in federal district courts, including before filing a § 2241 petition. *See Ihmoud v. Jett,* 272 F. App'x 525, 526 (7th Cir. 2008) (citing *Richmond v. Scibana* 387 F.3d 602, 604 (7th Cir. 2004); *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004); *McGhee v. Clark,* 166 F.3d 884, 887 (7th. Cir. 1999)); *Greene v. Meese,* 875 F.2d 639, 641 (7th Cir. 1989). To exhaust administrative remedies, petitioners must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F.3d, 1022, 1025 (7th Cir. 2002). The BOP's administrative remedy process consists of four tiers that require completion prior to a petitioner bringing their Petition in federal court. *See generally* 28 C.F.R. §§ 542.13–15.

## DISCUSSION

Luedtke brings the instant Petition on two distinct grounds. In his first claim, Luedtke argues that the Acting Warden unlawfully froze his prison account. (Doc. 1). Luedtke, as a term of his sentence, was ordered to pay restitution in the amount of $12,377.00. *United States v. James D. Luedtke*, No. 03-CR-37-WCG (E.D. Wis. 2003). The Inmate Financial Responsibility Program ("IFRP") is a program operated by the Bureau of Prisons in which inmates work with BOP staff to develop a financial plan to pay their court-ordered special assessments, restitution, fines, and other legal costs. *See* 28 C.F.R. § 545.10; *see also United States v. Boyd*, 608 F.3d 331, 333–34 (7th Cir. 2010). Participation in the IFRP is voluntary, but there may be consequences, or loss of certain privileges, for refusing to participate in the program. *See* 28 C.F.R. § 545.10–11; *Boyd*, 608 F.3d at 334. For instance, such consequences include loss of privileges, including participation in the UNICOR prison job training program, furloughs, outside work details, having higher commissary spending limits, access to higher-status housing, and access to community-based programs. *See Boyd*, 608 F.3d at 333. However, 28 CFR § 545.11(d)(6) specifies that, while non-participants in IFRP may be subjected to more stringent spending limits, that these spending limits must be set to at least $25 per month, and that this limit must exclude the purchases of stamps, telephone credits.

Luedtke, in his Petition, admits refusing to participate in the Inmate Financial Responsibility Program and accepts the sanctions listed in § 545.11(d). (Doc. 1, pp. 10–11). However, Luedtke claims that the account freeze exceeds the scope of § 545.11(d) and creates constitutional violations through the deprivation of email,

paper mail, telephone, and toiletries. (*Id.*) He asserts that these deprivations constitute cruel and unusual punishment and infringe his constitutional right to communicate, giving rise to both Eighth and First Amendment claims. (Doc. 1).

Of concern to this Court is the absence of substantiating evidence that Luedtke has properly exhausted his administrative remedies prior to filing the instant Petition. His Petition indicates that he filed an initial complaint through the Bureau of Prisons on March 1, 2025, which was denied on April 11, 2025. (Doc. 1, p. 2). Elsewhere, he summarily asserts that "all administrative remedies have been exhausted," but offers no supporting documentation or factual context. (*Id.*, p. 17). When prompted to identify subsequent appeals on page three of the § 2241 form, Luedtke acknowledges that he did not pursue a second or third appeal and provides no explanation for his failure to do so. (*Id.,* p. 3). Further, he has not attached any materials showing an appeal to either the Regional Director or the General Counsel. A plain reading of the Petition demonstrates that he only completed the first round of administrative remedies. Luedtke may not proceed without first fulfilling the exhaustion requirement.

In his second claim, Luedtke argues that his order to pay restitution as part of his criminal sentence is unlawful. (*See* Doc. 1). Luedtke begins by properly stating that § 2241 is the procedural vehicle for challenging his IFRP payment schedule. (*Id.*, p. 7 (citing *United States v. Bass*, Case No. 11-cr-20704, 2025 U.S. Dist. LEXIS 95074 (E.D. Mich. May 19, 2025)). However, Luedtke continues to state that the starting point for his IFRP challenge is evaluating whether the restitution itself is lawful; he says in his case that it is not. Indeed, the main thrust of Luedtke's argument is that

the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is unconstitutional and was unlawfully enacted. (*See* Doc. 1, p. 18). AEDPA, Petitioner argues in addition to being unconstitutional, also "changed the liability of restitution from 20 years to a life sentence in the event of the death of the person." (*Id.*, p. 19 (citing 18 U.S.C. § 3136(b)). Luedtke asserts that this results in an unconstitutional hybrid sentence, where part of the sentence is determinate and the other part, his restitution, is a life sentence, which can automatically pass to the defendant's estate upon death. (*Id.*, p. 20). But for the unlawful enactment of AEDPA, Petitioner states his liability on restitution would have already expired, as he was sentenced 20 years ago or more. (*Id.*, p. 21).

The Court finds that Luedtke's claim is not, in fact, related to the administration of an IFRP schedule, nor is it related to the constitutionality of his custody or execution of his sentence. Rather, his arguments concern the validity of part of his sentence. As such, his second claim is not cognizable under § 2241. Luedtke previously filed a § 2255 motion in the Court in which he was sentenced, the Eastern District of Wisconsin, which was denied on the merits. *See Luedtke v. United States*, No. 05-C-0489, 2005 WL 1229686 (E.D. Wis. 2005). As stated previously by this District, there is nothing that would make it impossible or impracticable for Luedtke to seek relief from the Eastern District of Wisconsin, and there is nothing that would make it impossible or impracticable for Luedtke to request authorization to file a second or successive § 2255 petition from the Seventh Circuit Court of Appeals. *See Luedtke*, No. 24-cv-01197-DWD (S.D. Ill. 2024) (Doc. 18, p. 9). Moreover, second or successive § 2255 motions are barred unless they rely on either "newly discovered

evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2). *Jones v. Hendrix*, 599 U.S. 465, 469–70 (2023). Luedtke's arguments do not fit into either of these two permitted circumstances. A prisoner's inability to meet § 2255(h) "does not mean he can bring his claim in a habeas petition under the saving clause. It means he cannot bring it at all." *Id.* at 480. Because Luedtke challenges the validity of his sentence and does not meet § 2255(h), the Court may not consider it under § 2241.

Accordingly, while Luedtke claims to have exhausted all remedies, the Petition demonstrates otherwise. His Petition appears to confirm that he did not complete the administrative appeal process required under 28 C.F.R. §§ 542.13–15 for his claims. Because exhaustion of administrative remedies is a prerequisite to seeking relief under § 2241, the Court concludes that the Petition cannot proceed. Further, because he challenges the validity of his sentence and does not satisfy the savings clause under § 2255(h), the Court may not consider it under § 2241.

## CONCLUSION

For the reasons set forth herein, James Luedtke's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED without prejudice**. The Clerk of Court shall enter judgment accordingly and close this case on the Court's docket.

If Luedtke wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on his

prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); Sloan v. Lesza, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: November 19, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
