IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES LUEDTKE,** | |
| Petitioner, | |
| v. | Case No. 25-CV-01662-SPM |
| **ACTING WARDEN, FCI GREENVILLE,** | |
| Respondent. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) filed by Petitioner James Luedtke. (Doc. 9). Having been fully informed of the issues presented, the Motion for Relief from Judgment is **GRANTED in part** as to Claim One only of James Luedtke's Habeas Petition. (Doc. 1).

## FACTUAL AND PROCEDURAL BACKGROUND

This Court has previously recounted the procedural background with respect to Petitioner James Luedtke's underlying criminal conviction and sentence and subsequent collateral attacks in this Court's prior November 11, 2025 Order dismissing his Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. (Doc. 7). The Court will therefore only briefly summarize the procedural history herein. On September 2, 2003, before the United States District Court for the Eastern District of Wisconsin, Luedtke was convicted by

a jury on five criminal counts stemming from the underlying conduct of armed robbery of a federally insured bank, use of a firearm during or in relation to a crime of violence, felon in possession of a firearm, and aiding and abetting the making of false statements during acquisition of a firearm. (*See* Doc. 7, pp. 1−2). Luedtke was sentenced, in relevant part, to a total of 444 months of imprisonment and to pay restitution in the total amount of $12,377.00. (*See id.*, p. 2); *United States v. Luedtke*, No. 03-CR-37-WCG (E.D. Wis. 2003). Luedtke is currently incarcerated at FCI Greenville. (*See id.*).

Luedtke's conviction and sentence were affirmed on appeal on March 10, 2005. See *United States v. Luedtke*, 125 F. App'x 732 (7th Cir. 2005). He then filed a 28 U.S.C. § 2255 motion, which was denied and affirmed on appeal. *See Luedtke v. United States*, No. 05-C-0489, 2005 WL 1229686 (E.D. Wis. 2005). Since then, Luedtke has pursued five separate 28 U.S.C. § 2241 petitions. Three were denied in the Eastern District of Kentucky between 2011 and 2014, one was dismissed in the Eastern District of California in 2019 and affirmed by the Ninth Circuit, and one was dismissed in this District in 2024.[1] He filed the instant, sixth Petition on August 29, 2025, which this Court dismissed on November 19, 2025. (Docs. 1, 7).

In his sixth Petition, Luedtke raised two issues. (*See* Doc. 1). In his first claim, he argued that the Acting Warden unlawfully froze his prison trust fund account.

---

[1] *See Luedtke v. Berkebile,* Case No. 7:11-cv-00080-HRW (E.D. Ky. 2011); *Luedtke v. Farley,* No. 7:12-cv-00044-KKC (E.D. Ky. 2012); *Luedtke v. Farley*, No. 7:14-cv-0075-ART (E.D. Ky. 2014); *Luedtke v. Lake*, No. 119-cv-01034-SKOHC, 2019 WL 4166776 (E.D. Cal. Sept. 3, 2019). The fifth Petition was in this District. *Luedtke v. Lillard*, Case No. 24-cv-01197-DWD (S.D. Ill. 2024). For a more developed discussion of Luedtke's filing history, see the Factual Background portion of the District Court's Order in that case. *Id.* (Doc. 18).

(*Id.*). To assist in repayment of Luedtke's restitution ordered in his sentence, inmates are encouraged by the Bureau of Prisons ("BOP") to participate in the Inmate Financial Responsibility Program ("IFRP"). *See* 28 C.F.R. § 545.10; *see also United States v. Boyd*, 608 F.3d 331, 333–34 (7th Cir. 2010). The program is voluntary, but inmates will lose certain privileges for refusing to participate. *See* 28 C.F.R. § 545.10–11; *Boyd*, 608 F.3d at 334. Relevant to Luedtke's Petition, 28 C.F.R. § 545.11(d)(6) specifies that, while non-participants in IFRP may be subjected to more stringent spending limits, that these spending limits must be set to at least $25 per month, excluding certain purchases. Luedtke admits to not participating in the program, however he argues that his account had been frozen in violation of 28 C.F.R. § 545.11(d)(6), which requires him to have a spending limit of no less than $25.00 per month. Luedtke contends his spending limit is currently $0.00 because of his refusal to participate in the IFRP. (*See* Doc. 1).

Luedtke's second claim is that his order to pay restitution as part of his criminal sentence was unlawful. (*Id*). He asserts that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is unconstitutional and was unlawfully enacted. (*See id.*, p. 18). Luedtke claims that but for the unlawful enactment of AEDPA, his liability on restitution would have already expired, as he was sentenced twenty years ago or more. (*Id.*, p. 21). This Court dismissed Luedtke's second claim after concluding that it was not cognizable under § 2241 because it was not related to the administration of his IFRP schedule nor was it related to the constitutionality or execution of his sentence. (*See* Doc. 7, p. 8–10). In very limited circumstances, prisoners may challenge convictions with § 2241 under the § 2255 "savings clause";

however, this Court concluded that the savings clause was not applicable here. (*Id.*) Luedtke did not dispute the dismissal of his second claim on these grounds and so this Court will not address it in this Order.

Luedtke's first claim was dismissed because of his failure to concretely establish that he had exhausted administrative remedies. (*Id.*) Petitioners are required to exhaust administrative remedies before seeking relief in federal district courts, including before filing a § 2241 petition. *See Ihmoud v. Jett*, 272 F. App'x 525, 526 (7th Cir. 2008) (citing *Richmond v. Scibana* 387 F.3d 602, 604 (7th Cir. 2004); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004); *McGhee v. Clark*, 166 F.3d 884, 887 (7th. Cir. 1999)); *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)). To exhaust administrative remedies, petitioners must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d, 1022, 1025 (7th Cir. 2002). The BOP's administrative remedy process consists of four tiers that require completion prior to a petitioner bringing their Petition in federal court. *See generally* 28 C.F.R. §§ 542.13–15.

While Luedtke claimed in his Petition to have completed this process, it was not clear from a plain reading of the Petition that he had done so. His Petition indicated that he filed an initial complaint through the Bureau of Prisons on March 1, 2025, which was denied on April 11, 2025. (Doc. 1, p. 2). Elsewhere, he summarily asserted that "all administrative remedies have been exhausted," but offered no supporting documentation or factual context. (*Id.*, p. 17). When prompted to identify subsequent appeals on page three of the § 2241 form, Luedtke acknowledged that he did not pursue a second or third appeal and provided no explanation for his failure to

do so. (*Id.*, p. 3). Further, he did not attach any materials showing an appeal to either the Regional Director or the General Counsel. Accordingly, this first claim was dismissed under Rule 4 for failure to exhaust administrative remedies. (*See* Doc. 7). Following the dismissal of his Petition, Luedtke filed the instant Motion for Reconsideration on December 1, 2025. (Doc. 9).

## LEGAL STANDARD

Relief from a Final Judgment, Order, or Proceeding pursuant to Federal Rule of Civil Procedure 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (quoting *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)); *see Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)). Rule 60(b) states that a party may seek relief from a judgment for one or more of the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." If the asserted ground for relief from the prior judgment does not fall within one of the specific categories enumerated in Rule 60(b)(1)−(5), relief may be available under the residual provision of the rule, 60(b)(6), which requires a showing of extraordinary circumstances justifying the reopening of a final judgment. *Arrieta*, 461 F.3d at 865. *Mendez v. Republic Bank*, 725 F.3d 651, 658 (7th Cir. 2013).

## DISCUSSION

In his Motion, Luedtke argues that he is entitled to relief because (1) exhaustion is an affirmative defense that cannot be raised by this Court and (2) the court erred in dismissing his Petition for lack of evidence of exhaustion. (Doc. 9). With his Motion, Petitioner attached a document that appears to be a response to a BP-11 appeal form. (*See* Doc. 9, Ex. 1).

Luedtke first argues that the exhaustion requirement is an affirmative defense, citing *Jones v. Bock* in support, and that this Court cannot raise the issue. *See* 549 U.S. 199 (2007). Further, he contended that this Court erred in not taking his claims of exhaustion at face value, arguing that a "a court must accept all of the allegations in a complaint as true." *Wesley v. Osemobor,* 2025 WL 1825426, Case No. 25-C-503 (E.D. Wis., July 2, 2025). The Court does not find that it committed any mistake or otherwise acted inadvertently or neglectfully in analyzing the issue of exhaustion of administrative remedies at the Rule 4 preliminary review stage. *Jones v. Bock,* the case Luedtke points to, states that "[f]ailure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. 199 (2007). However, *Jones v. Bock* involed claims brought under 42 U.S.C. § 1997e, otherwise known as the Prison Litigation Reform Act ("PLRA"). Luetke's filing is a habeas corpus Petition brought pursuant to 28 U.S.C. § 2241. As this Court stated in its dismissal of the Petition, exhaustion of administrative remedies is *required* for claims brought under § 2241 in the Seventh Circuit. *See Ihmoud*, 272 F. App'x at 526; *see also Greene*, 875 F.2d at 641. Further, Rule 4 provides that upon preliminary consideration by the district

judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge *must dismiss the petition* and direct the clerk to notify the petitioner." (emphasis added). Therefore, this Court was entirely within its discretion to deny the Petition at this stage if it appears that exhaustion has not been satisfied. The Court will not grant Rule 60(b) relief for this reason.

Luedtke next argues that this Court erred in dismissing his case and granting judgment against him because he claims that he did, in fact, satisfy the Corut's exhaustion requirement. To support this contention, he attached a document that appeared to be a response to a submitted BP-11 form from the relevant BOP General Counsel. (Doc. 9, Ex. 1). Specifically, the document Luedtke attaches is a pink form titled "Central Office Administrative Remedy Appeal" in which Luedtke wrote that his account was illegally frozen and that he sent his BP-10, the yellow form on January 30, 2025. (*See id.*). Luedtke filed the pink BP-11 form on March 1, 2025, claiming that the lack of response to his BP-10 form constitutes a denial pursuant to 28 C.F.R. § 542.18. (*See id.*). The second attachment to Luedtke's Motion appears to be a response to his BP-11 from Timothy Barnett, Administrator of National Inmate appeals, dated May 8, 2025. (*Id.*, Ex. 2). Barnett provides, in the Response, that his office had "reviewed documentation relevant to your appeal and, based on our findings, concur with the manner in which the Warden and Regional Director responded to your concerns at the time of your Request for Administrative Remedy and subsequent appeal." (*Id.*).

Based on this information, while Luedtke has not provided this Court with all documentation related to the exhaustion of his administrative remedies (including his BP-8, BP-9, and BP-10 forms and responses thereto, if any), the Court is able to infer that Luedtke exhausted his administrative remedies such that his Petition may survive Rule 4 preliminary review. It appears to this Court that Luedtke completed the final tier of the BOP's administrative review process by submitting a BP-11 form related to the encumbrance on his funds and received a denial from the National Inmate Appeals on May 8, 2025. Accordingly, the Court finds that this evidence warrants granting Luedtke relief from the final judgment entered against him in this matter and reopening this matter such that his first claim survives preliminary review. *See* Rule 60(b). This order does not prevent Respondent from arguing, in the future, that Luedtke has failed to completely exhaust his administrative remedies.

As to his second claim, Luedtke has made no argument that this Court erred in granting judgment against him and dismissing those claims related to the unconstitutionality of his sentence to pay restitution pursuant to AEDPA. This Court finds there is no basis to reverse its decision to dismiss that claim, and Luedtke shall not proceed on this claim moving forward.

## Conclusion

For the reasons provided herein, Petitioner James Luedtke's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 9) is **GRANTED in part** with respect to his first claim for relief brought in his Petition for Writ of Habeas Corpus. Luedtke's Motion is **DENIED in part** with respect to all other requests for relief, including relief from judgment entered as to his second

claim. The Court's Order issued on November 19, 2025 (Doc. 7) is **VACATED in part** with respect to dismissing Claim One of Luedtke's Petition and the Clerk's Judgment entered on November 19, 2025 is **VACATED**. The Clerk of Court is **DIRECTED** to reopen this matter.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before February 6, 2026. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Luedtke is **ADVISED** of his continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than fourteen (14) days after a transfer or other change in address occurs in accordance with Local Rule 3.1(b)(2). Failure to provide such notice may result in dismissal of this case or other sanctions. *See id.*; FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 7, 2026**

                                               *s/ Stephen P. McGlynn*
                                               **STEPHEN P. McGLYNN**
                                               **U.S. District Judge**